**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  11-cv-03351-REB

JONTHAN KNIGIN,

    Plaintiff,

v.

CRESCENT DESIGN & CONSTRUCTION, INC.,
BULENT BELGESAY a/k/a BILL BELGESAY,
AKIN BELGESAY a/k/a SAM BELGESAY
IAC/INTERACTIVE CORP., INC.
SERVICEMAGIC, INC., and
ABC CORP. I-X,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF
DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2)**.

**Blackburn, J.**

The papers before me are essentially three motions entitled (1) **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2)** [#9] filed December 22, 2011;[1] (2) **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2)** [#10] filed December 22, 2011;[2] and (3) **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2)** [#11] filed December 22, 2011.[3]  I deny the motions.

---

[1] Implicating defendant Crescent Design & Construction, Inc.

[2] Implicating defendant Bulent Belgesay.

[3] Implicating defendant Akin Belgesay.

The Tenth Circuit has recognized that "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."

> First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting by affidavit or otherwise that the clerk enter default on the docket. Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the court therefor.

*Williams v. Smithson*, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (internal citations and quotation marks omitted); *see also Garrett v. Seymour*, 2007 WL 549388 at *2 (10th Cir. Feb. 23, 2007) (describing clerk's entry of default under Rule 55(a) as "a prerequisite for the entry of a default judgment" under Rule 55(b)). It appears from the docket that plaintiff has never requested an entry of default from the clerk of the court as to any of the defendants implicated by the present motions. His request for a default judgment is premature.

**THEREFORE, IT IS ORDERED** as follows:

1. That the motion entitled **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2)** [#9] filed December 22, 2011, is **DENIED**;

2. That the motion entitled **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2)** [#10] filed December 22, 2011, is **DENIED**; and

3. That the motion entitled **Affidavit of Romain D. Walker, Esq. in Support of Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2)** [#11] filed December 22, 2011, is **DENIED**.

Dated December 26, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge